**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MILA FAZLOVIC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 1:23-cv-14087 |
| vs. | ) | |
| | ) | Judge Robert W. Gettleman |
| DD LOGISTICS, INC., an Illinois corporation, | ) | Magistrate Judge Gabriel A. Fuentes |
| DEJAN DERIKONJIC, an individual | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO PERMIT**
**SERVICE ON DEFENDANT DEJAN DERIKONJIC VIA EMAIL PURSUANT TO**
**ILLINOIS SUPREME COURT RULE 102(f)(1)(B) AND FOR AN**
**EXTENSION OF TIME TO ALLOW SERVICE PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 4(m)**

PLAINTIFF, MILA FAZLOVIC, (hereinafter "Plaintiff") by and through her counsel, John C. Kreamer and Joseph E. Urani of The Kreamer Law Group, L.L.C., move this Honorable Court for an order appointing a special process server to obtain service on Defendant, Dejan Derikonjic, pursuant to FRCP Rule 4, and in support of said motion, state as follows:

1. On September 29, 2023, Plaintiffs sent Waiver and Notice of a Lawsuit and Request to Waive Service of Summons to Defendants DD Logistics, Inc.'s, and Dejan Derikonjic's attorney, Borjan Kovacevic, along with copies of the Complaint.

2. On October 20, 2023, Plaintiff sent an e-mail correspondence to Defendant Dejan Derikonjic and copied Attorney Borjan Kovacevic, reminding them of the upcoming deadline date for the signed Waiver of Service of Summons.

3. On November 6, 2023, Plaintiff sent follow-up email correspondence to Attorney Borjan Kovacevic with a final request for the signed Waiver of Service of Summons. Attorney

    Kovacevic replied that he has not heard from Defendant Dejan Derikonjic and will reach out to him.

4. To date, Plaintiff has not received any response to the first Waiver request.

5. To date, Plaintiff has not received the first Waiver or Notice of Waiver returned unaccepted or undelivered.

6. On November 20, 2023, Plaintiff filed a summons to be issued by the Clerk of the Court.

7. On November 27, 2023, this Honorable Court granted the Plaintiff's Motion to Appoint Special Process Server Elite Process Serving, and to extend the time for service pursuant to FRCP 4(m).

8. The Process Server was able to successfully serve the corporate Defendant on December 13, 2023, and proof of service for the same was filed on December 15, 2023. Defendant Derikonjic is the Registered Agent for the Defendant Corporation.

9. To date, however, the individual Defendant has been evading service. Elite Process Service has attempted service on Defendant Derikonjic at his Burr Ridge home on December 6th, 7th, 8th, 9th, and 19th. (See Exhibit #1) Elite Process Service also attempted service on the Defendant at his place of business on November 30, 2023, December 1, 2023, December 4, 2023, December 6, 2023, and December 7, 2023. (See Exhibit #2)

10. Plaintiff's counsel has recently come to learn that Defendant Derikonjic may be planning on leaving the country to travel to Serbia where the Defendant maintains citizenship and a home. (See Exhibit #3)

11. At the same time, Defendant Derikonjic has been selling off a number of his residential rental properties in the Chicagoland area, he currently has his personal Burr Ridge

residence for sale, and he has closed two of his transportation businesses, Global Expedited LLC, and DD Truck Center LLC.

12. Plaintiff's counsel has also learned that Defendant Derikonjic was informing staff months ago that he had already left the country, but this was untrue as he was located at the Compass Arena Bar and Restaurant on Saturday, December 16, 2023, and he was spotted at the Fuller's Car Wash located in Hinsdale, Illinois on Monday, December 11, 2023.

13. Illinois Supreme Court Rule 102. Service by Special Order of Court. Upon motion brought pursuant to Section 2-203.1 of the Illinois Code of Civil Procedure, the court may order service of summons and complaint to be made in a manner consistent with due process and subject to provisions of this paragraph.

> (1) If the court is satisfied that the defendant/respondent has access to and the ability to use the necessary technology to receive and read the summons and documents electronically, the following alternative methods of service or combination of methods of service may be ordered by the court when granting a motion brought pursuant to Section 2-203.1 of the Illinois Code of Civil Procedure (735 ILCS 5/2-203.1).
>
> (A) Service by social media. Service by social media shall be made by (i) sending a direct message to the defendant/respondent on a social media platform on which the defendant/respondent has an active profile; (ii) attaching a copy of the summons, complaint/petition, and any other required documents to the direct message; and

  (iii) stating in the body of the direct message: "Important information—You have been sued. Read all of the documents attached to this message. To participate in the case, you must follow the instructions listed in the attached summons. If you do not, the court may decide the case without hearing from you, and you could lose the case."

  (B) Service by e-mail. Service by e-mail shall be made by (i) sending an e-mail to the defendant/respondent at his or her current e-mail address; (ii) attaching a copy of the summons, complaint/petition, and any other required documents to the e-mail; (iii) stating in the subject line of the e-mail message : "Important information—You are being  sued"; and (iv) stating in the body of the e-mail: "You have been sued. Read all of the documents attached to this e-mail. To participate in the case, you must follow the instructions listed in the attached summons. If you do not, the court may decide the  case without hearing from you, and you could lose the case."

14. Defendant is a sophisticated businessman engaged in multiple businesses including interstate commerce.  In the past, Dejan Derikonjic regularly communicated with the Plaintiff through email, text messaging, and Facebook making him quite familiar with technology that he has regular access to.

15. Plaintiff is diligently working on trying to effectuate service in this matter.  In light of the above, Plaintiff also respectfully requests that the Court extend the time to effectuate service for an appropriate period pursuant to FRCP 4(m) and to allow service via email under Illinois Supreme Court Rule 102.

16. Plaintiff does not seek this order to create any undue delay in this matter, nor will the entry of this matter create any prejudice to any party.

WHEREFORE, Plaintiff prays that this Court enters an order granting this motion to appoint a Special Process Server in this matter, and to extend the period of time to effectuate service on Defendant, Dejan Derikonjic, and for any further relief the Court deems appropriate.

        Respectfully Submitted,
        **MILA FAZLOVIC**

        /s/ John C. Kreamer
        One of Plaintiff's Attorneys

By:    John C. Kreamer - ARDC#6270111
       Joseph E. Urani - ARDC #6278626
       Kreamer Law Group, LLC
       1100 E. Warrenville Rd., Suite 135
       Naperville, IL  60563
       Tel.:  (630) 995-3668
       Fax:  (630) 597-9532

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 21, 2023 he electronically filed Plaintiff's Motion to Appoint Special Process Server with the Clerk of Court using the CM/ECF system, which will send notification of such filing to any and all registered CM/ECF participant(s).

**/s/ John C. Kreamer /s/**