**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MILA FAZLOVIC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cv-14087 |
| | ) | |
| v. | ) | |
| | ) | Honorable Robert W. Gettleman |
| DD LOGISTICS, INC., | ) | |
| DEJAN DERIKONJIC, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR RELIEF FROM DEFAULT JUDGMENT OR
TO AMEND OR ALTER THE JUDGMENT**

Defendants DD Logistics, Inc. and Dejan Derikonjic, by their undersigned counsel, respectfully submit the following Motion For Relief From Default Judgment Or To Amended Or Alter The Judgment:

**I.      INTRODUCTION**

For the reasons set forth below, Defendants respectfully request that the Court set aside and vacate the default judgment entered on February 20, 2024 under Rule 60(b). In the alternative, Defendants respectfully request that the Court amend or alter the judgment under Rule 59(e).

**II.      ARGUMENT**

**A.      The Court Should Set Aside And Vacate The Default Judgment Under Rule 60(B)**

The Seventh Circuit "has a well established policy favoring a trial on the merits over a default judgment." *Hying v. Hodges*, No. 23-CV-1361-JPS-JPS, 2024 WL 233374, at *2 (E.D. Wis. Jan. 22, 2024), *quoting Yong-Qian Sun v. Bd of Trs.*, 473 F.3d 799, 811 (7th Cir. 2007). On motion and just terms, a court may relieve a party from a default judgment under Rule 60(b) for several different reasons, including: (1) the judgment being void; (2) mistake, inadvertence,

surprise, or excusable neglect; or (3) any other reason that justifies relief. Fed. R. Civ. Pro. 60(b).

Each of these three

1.      **The Court Should Set Aside And Vacate The Default Judgment As Void For Lack Of Proper Service**

Rule 60(b)(4) allows the Court to relieve a party from a final judgment if the judgment is

void. Fed. R. Civ. P. 60(b)(4). Because valid service of process is a prerequisite to a district court's

assertion of personal jurisdiction, a judgment obtained without valid service of process is void.

*Weathersby v. Dickinson*, No. 1:20-CV-03369, 2021 WL 9385091, at *1 (N.D. Ill. May 5, 2021).

The Court should set aside and vacate the default judgment as void, neither Defendant was validly

served.

a.      **Service on Defendant Derikonjic Was Not Valid**

Service on an individual may be achieved by "following state law for serving a summons."

Fed. R. Civ. Pro. 4(e)(1). Here, Plaintiff relied upon § 2-203.1 of the Illinois Code of Civil

Procedure in seeking alternate service on Defendant Derikonjic via email. (*See* Dkt. # 7.) "A

plaintiff seeking to serve a defendant pursuant to section 2-203.1 must strictly comply with the

requirements of that provision." *Thompson v. Ross Dialysis-Englewood, LLC*, 2017 IL App (1st)

161329, ¶ 15; see *also Sutton v. Ekong*, 2013 IL App (1st) 121975, ¶ 19 (same). Service under §

2-203.1 is not effective unless the plaintiff provides an affidavit demonstrating that reasonable

efforts to make personal or abode service have been unsuccessful and that personal or abode

service would be impractical:

> If service upon an individual defendant is impractical under items (1) and (2) of
> subsection (a) of Section 2-203, the plaintiff may move, without notice, that the
> court enter an order directing a comparable method of service. The motion shall be
> accompanied with an affidavit stating the nature and extent of the investigation
> made to determine the whereabouts of the defendant and the reasons why service
> is impractical under items (1) and (2) of subsection (a) of Section 2-203, including
> a specific statement showing that a diligent inquiry as to the location of the
> individual defendant was made and reasonable efforts to make service have been

unsuccessful. The court may order service to be made in any manner consistent with due process.

735 ILCS 5/2-203.1; *see also R.R. Maint. & Indus. Health & Welfare Fund v. Mahoney*, No. 19-CV-03214, 2021 WL 1224899, at *2 (C.D. Ill. Mar. 31, 2021) ("Under § 2 –203.1, court may authorize alternative service only when: (1) the plaintiff has made a 'diligent inquiry as to the location of the individual defendant'; and (2) the plaintiff's 'reasonable efforts' to personally serve the defendant have been unsuccessful.")

Plaintiff's attempt to serve Defendant via § 2-203.1 fails at the threshold, because Plaintiff did not provide the affidavit required by § 2-203.1. "An affidavit is a declaration, on oath, in writing, sworn before some person who has authority under the law to administer oaths." *Mugavero v. Kenzler*, 317 Ill. App. 3d 162, 165 (Ill. App. Ct. 2000). Plaintiff's motion seeking alternate service under § 2-203.1 did not rely upon an affidavit, but rather attached email correspondence with a process server. (Dkt. # 7-1, 2, 3.) This is not sufficient for alternate service under § 2-203.1. *Mugavero*, 317 Ill. App. 3d at 165-66 (vacating default judgment where plaintiff relied on testimony instead of an affidavit to meet § 2-203.1's requirements); *Glens of Hanover Condo. Ass'n v. Carbide*, 2012 IL App (2d) 120008-U, ¶¶ 31-32 (finding entry of default judgment void for lack of valid service, because process server's affidavit was conclusory and "did not demonstrate plaintiff's strict compliance with the requirements of [] section 2-203.1").

Plaintiff also failed to demonstrate that reasonable efforts to make personal or abode service were unsuccessful and that personal or abode service would be impractical, as required by § 2-203.1. The emails attached to Plaintiff's motion for alternate service state that four attempts were made at Mr. Derikonjic's residence December 6-9, 2023 and another attempt was made on December 19, 2023. (Dkt. # 7-1, 2, 3.) Plaintiffs do not assert that they made any other attempts to serve Mr. Derikonjic at his residence or even mailed the summons and complaint to his

residence. This is insufficient to establish that Mr. Derikonjic was evading service or that further attempts to serve Mr. Derikonjic should be excused. This is especially so where Mr. Derikonjic stopped living at the Burr Ridge address on December 15, 2023. (Derikonjic Affidavit., Exhibit 1 hereto.)

In addition, Plaintiff did not comply with all of the requirements for email service under Illinois law. "In addition to the affidavit requirements of section 2-203.1 of the Illinois Code of Civil Procedure, a movant requesting service by…e-mail…shall include in the supporting affidavit the reasons the movant believes the defendant/respondent has recently sent and received transmissions from a specific e-mail address…" Ill. Sup. Ct. R. 102(f)(2). Within 10 days after service by email, the plaintiff must send a copy of the summons and complaint to the defendant's last known address. Ill. Sup. Ct. R. 102(f)(3). The plaintiff must also file a proof of service that contains the address of the defendant's last known residence and the date on which the summons and complaint were mailed to the defendant's last known residence. Ill. Sup. Ct. R. 102(f)(4). Here, Plaintiff did not provide an affidavit stating the reasons why Plaintiff believes Mr. Derikonjic has recently sent and received transmissions from a specific e-mail address. (Dkt. # 7.) Nor did Plaintiff's proof of service identify a date on which the summons and complaint were mailed to defendant's last known address. (Dkt. # 12-5.) For this reasons, Plaintiff did not achieve valid service of process on Mr. Derikonjic and the default judgment against him should be set aside and vacated as void.

### b. Service on Defendant DD Logistics, Inc. Was Not Valid

Service on a corporation may be achieved "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment of law to receive service of process." Fed. R. Civ. Pro. 4(h)(1)(B). For service on an

agent to be effective, the agent must have "actual authority to receive service of process." *United States v. Norden Enterprises, LLC.*, No. 01 C 8968, 2002 WL 1632633, at *2 (N.D. Ill. July 22, 2002); *see also Smothers v. Circle K Stores, Inc.*, No. 23-CV-3528-DWD, 2024 WL 518984, at *2 (S.D. Ill. Feb. 9, 2024).

Here, Plaintiff has not shown that she served an agent of Defendant DD Logistics, Inc., who was authorized to accept service of process on behalf of the corporation. Plaintiff asserts there were four attempts to serve DD Logistics between December 1 and December 7, 2023 that were unsuccessful, because "Dejan not in the office at time of attempt." (Dkt. # 7-2.) Plaintiffs asserts there was another attempt on November 30, 2023 that was unsuccessful, because "[t]here wasn't anyone in the office." (*Id.*) But Plaintiff's affidavit of service claims that service was successfully made on a "John Doe (refused name)," even though "[s]taff...refused to accept service on all prior attempts":

> On **December 13, 2023** at **1:15 PM**, I served the within named defendant in the following manner:
>
> **CORPORATE SERVICE:** By leaving a copy of this process with **John Doe (refused name)**, (Title) **Employee**, a person authorized to accept service and informed the person of the contents thereof.
>
> Description of person process was left with:
>
> Sex: **Male** - Race: **White** - Hair: **Black** - Approx. Age: **45** - Height: **Sitting** - Weight: **230**
>
> Comments: A John Doe, black hair-thinning, 230lbs refused to sign for delivery. Staff would not provide any information regarding when or where Dejan could be located, and refused to accept service on all prior attempts.

(Dkt. # 12-4.)

Mr. Derikonjic is the registered agent for DD Logistics, Inc. No one else is authorized to accept service on behalf of the corporation. (Derikonjic Affidavit, Exhibit 1 hereto.) Service on "John Doe" was not valid service on an agent authorized to accept service. For these reasons, the default judgment against DD Logistics, Inc. should be set aside and vacated as void. *Smothers*, 2024 WL 518984, at *2; *Norden Enterprises*, 2002 WL 1632633, at *2.

**2.      The Court Should Set Aside And Vacate The Default Judgment Based On Excusable Neglect**

Under Rule 60(b)(1), a court should vacate a default judgment where there is: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Delgado v. I.C. Sys., Inc.*, No. 17-CV-04918, 2020 WL 5253686, at *1 (N.D. Ill. Sept. 3, 2020). One example of good cause is excusable neglect, which includes "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at *2, *quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). Excusable neglect "is an equitable standard that takes into account all relevant circumstances surrounding the party's omission," including prejudice to the plaintiff, the length of the delay and potential impact on judicial proceedings, the reason for the delay, and the good faith of the movant. *United Emergency Med. Servs., LLC v. Ins. Serv. Ctr. Inc.*, No. 2:16-CV-220-TLS, 2022 WL 326546, at *3 (N.D. Ind. Feb. 3, 2022). Good cause also exists where a district court uses Rule 60(b)(1) to correct errors that could be corrected on appeal. *United Emergency*, 2022 WL 326546, at *3, *quoting Mendez v. Republic Bank*, 725 F.3d 651, 659 (7th Cir. 2013).

Considering all of the circumstances of this case, there is good cause based on excusable neglect. Defendants were not validly served with process. Instead, Plaintiff relied on an email to Mr. Derikonjic and service on a "John Doe" who was not authorized to accept service on behalf of DD Logistics. It is understandable why Defendants would fail to realize that legal proceedings had been commenced against them through email or through delivery of papers to a "John Doe" without authority to accept service. In addition, no unfair prejudice would result from granting this motion and permitting this case to be tried on the merits. Conversely, if this motion is not granted, Defendants would face a judgment in excess of $2.1 million even though Defendants have a number of meritorious defenses, as set forth below.

With respect to the second factor, Defendants have taken prompt action by filing this motion within the 28 days allowed under Rule 59(e) and well within the one-year time limit under Rule 60(b). *See Delgado*, 2020 WL 5253686, at *3 ("Maybe four weeks is slower than other vacatur motions have been filed, but it is certainly well within the deadline outlined in the Federal Rules of Civil Procedure").

With respect to the third factor, although "[t]he defense doesn't need to be a clearly victorious argument, *id.*, Defendants have a number of clear meritorious defenses to Plaintiff's Complaint. These include the following:

- Plaintiff fully litigated many of her allegations in the civil order of protection proceeding she commenced in the Circuit Court of Cook County, which was styled *Fazlovic v. Derikonjic*, 2023OP50397. The Circuit Court ruled against Plaintiff after receiving evidence at a hearing on the merits on June 16, 2023. The Circuit Court's order collaterally estops Plaintiff from proceeding with the same claims here.

- Plaintiff's Title VII claims (Counts I-III) fail to state a claim. "Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at "*discriminat [ion]* ... because of ... sex." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998) (emphasis in original). Accordingly, a plaintiff fails to state a claim under Title VII where she alleges that the harassment was based on a personal relationship or dispute rather than her sex. *Mattern v. Panduit Corp.*, No. 11 C 984, 2011 WL 4889091, at *6 (N.D. Ill. Oct. 11, 2011) ("Mattern has not pled that the alleged harassment by Rocci was motivated by her *gender* rather than by a personal relationship or dispute.") (emphasis in original). Here, the alleged harassment arose out of a personal relationship between Plaintiff and Defendant Derikonjic, which Plaintiff alleges preexisted their working relationship by approximately seven months. (Dkt. # 1 at ¶¶ 8-10.) Plaintiff has not adequately alleged discrimination based on her sex. *Id.* Likewise, she has not adequately alleged retaliation in violation of Title VII, because she could not have reasonably believed that the alleged conduct she was challenging violated Title VII. *Brooks v. City of Pekin*, No. 23-2140, 2024 WL 1007869, at *4 (7th Cir. Mar. 8, 2024) (plaintiff lacked reasonable belief that challenged conduct violated Title VII where it was not based on more than personal animosity or juvenile behavior); *see also Smith v. Rosebud Farm, Inc.*, 898 F.3d 747, 752 (7th Cir. 2018) ("Title VII is an anti-discrimination statute, not an anti-harassment statute.").

- Title VII does not apply to DD Logistics, because it does not have 15 or more employees. 42 U.S.C. § 2000e(b) ("[t]he term 'employer' means a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year").

- Plaintiff fails to state a claim under the FLSA or IMWL (Counts XI-XII). To state a minimum wage claim, a plaintiff "must provide sufficient factual context to raise a plausible inference there was at least one workweek in which he or she was underpaid." *Hirst v. Skywest, Inc.*, 910 F.3d 961, 966 (7th Cir. 2018). This requires a plaintiff to "plausibly allege at least one workweek for which the compensation [she] received, divided by [her] total compensable time, failed to meet the [minimum wage]." *See Hirst v. Skywest, Inc.*, 283 F.Supp.3d 684, 691 (N.D. Ill. 2017), *reversed on other grounds by* 910 F.3d 961. Plaintiff does not allege any workweek in which the compensation she received, divided by her total compensable time, failed to meet the minimum wage. The only workweek for which Plaintiff provides detail is the week ending on July 15, 2022. During this workweek, Plaintiff does not allege that she was paid an hourly wage. Plaintiff alleges that she was paid a $2,000 salary for 60 hours of work. (Dkt. # 1 at ¶ 147.) This translates to $33.33 per hour, which is well above the current federal and state minimum wage for regular hours ($7.25 / $14) and overtime hours ($10.88 / $21).

- The FLSA does not apply to an employee employed in an bona fide administrative capacity. 29 U.S.C. 213 (a)(1). An employee is employed in an administrative capacity is one: (1) who is compensated on a salary of not less than $684 per week; (2) whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance. 29 C.F.R. § 541.200(a). The IMWL contains the same exemption. *Markle v. Drummond Advisors, LLC*, No. 19-CV-02789, 2022 WL 4604192, at *3 (N.D. Ill. Sept. 30, 2022). Here, Plaintiff alleges that she "worked or the Defendant overseeing accounting – including accounts receivable and payroll, the ELD team, legal matters, and insurance claims departments," and "performed all state and federal audits." (Dkt. # 1 at ¶ 142.) Plaintiff is exempt from the coverage of the FLSA and IMWL.

- Plaintiff fails to state a claim under the IWPCA (Count XIII). The IWPCA permits a plaintiff to recover "any compensation owed an employee by an employer pursuant to an employment contract or agreement." 820 ILCS 115/2. Plaintiff fails to state a claim, because she does not allege the terms of an employment contract or agreement and therefore does not allege the breach of an employment contract or agreement. *Johnson v. Amazon.com Servs., LLC*, No. 23 C 685, 2023 WL 8475658, at *3 (N.D. Ill. Dec. 7, 2023) ("Without a plausible allegation of such an agreement , Plaintiffs' IWPCA claim fails.").

### 3. The Court Should Set Aside And Vacate The Default Judgment Based On The Risk Of Injustice To The Parties

Rule 60(b)(6) allows a court to relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. Pro. 60(b)(6). Rule 60(b)(6) is "a residual catchall" that applies where Rule 60(b)(6)'s other subparts do not. *United Emergency Med. Servs., LLC v. Ins. Serv. Ctr. Inc.*, No. 2:16-CV-220-TLS, 2022 WL 326546, at *2 (N.D. Ind. Feb. 3, 2022). While relief under

Rule 60(b)(6) is available only in extraordinary circumstances, "a court may consider a wide range of factors" in determining whether such circumstances exist. *Buck v. Davis*, 580 U.S. 100, 123 (2017). These include "the risk of injustice to the parties." *Id.* Considering the substantial amount sought by Plaintiff, and the number of meritorious defenses to Plaintiff's Complaint, Defendants respectfully submit that the risk of injustice counsels in favor of setting aside and vacating the default judgment here, even were the other provisions of Rule 60(b) not to apply.

## B. In The Alternative, The Court Should Amend Or Alter The Judgment Under Rule 59(E)

A court should grant a motion to amend or alter a judgment under Rule 59(e) based on "newly discovered evidence, an intervening change in the controlling law, [or] manifest error of fact or law." *Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir.1998). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir.1995). Here, Defendants respectfully request that the Court amend or alter the default judgment on the following grounds.

First, Defendants' respectfully submit that the Court should not have awarded $114,750 in lost wages. Plaintiff alleges that she resigned in October 2023, approximately four months prior to the prove-up hearing. (Dkt. # 1 at ¶¶ 34-35.) Plaintiff does not allege how much she was paid while working for DD Logistics, Inc., except that during one workweek she was paid $2,000 for 60 hours of work. (*Id.* at ¶ 147.) Nor can Plaintiff make out a claim for overtime under the FLSA or IMWL without alleging an agreement to pay an hourly wage, or showing that the amount she was paid divided by her total compensable time failed to meet the minimum wage. *See Hirst v. Skywest, Inc.*, 283 F.Supp.3d 684, 691 (N.D. Ill. 2017), *reversed on other grounds by* 910 F.3d 961.

Second, Defendants respectfully submits that the award of $1,000,000 in emotional distress damages was excessive. This amount exceeds the damages caps for such emotional distress and punitive damages under Title VII. *See* 42. U.S.C. § 1981a. While damages are not capped on Plaintiff's common law counts, Plaintiff respectfully submits that $1,000,000 is still excessive for emotional distress where there were no medical bills, no expert testimony, and therefore no evidence to establish permanent emotional injury. *See Duis v. Franciscan All. Inc.*, No. 2:20-CV-78, 2023 WL 4117973, at *5 (N.D. Ind. June 22, 2023) ("With no monetary damages for medical expenses or lost wages, a verdict in the amount of $500,000 for temporary emotional distress was 'monstrously excessive.'").

Third, Defendants respectfully submits that the award of $1,000,000 in punitive damages was also excessive. Even where Illinois law supports the award of punitive damages, "punitive damages based on a default judgment appear to be the exception rather than the rule in the Seventh Circuit." *Coast to Coast Claim Servs., Inc. v. Yagelski*, No. 21 C 04641, 2022 WL 16573461, at *4 (N.D. Ill. Oct. 31, 2022) (collecting cases). The purpose behind default judgments "'is to allow district courts to manage their dockets efficiently and effectively,' and not to punish parties." *Id.*, *quoting Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (vacating award of punitive damages on default judgment because it was "in excess of what is required."). This is especially so where Plaintiffs would have had difficulty presenting evidence of Defendants' mental state. *Robinson v. Ergo Sols.*, LLC, 4 F. Supp. 3d 171, 180 (D.D.C. 2014) (not awarding punitive damages where plaintiff did not present evidence regarding mental state). Defendants respectfully submit that $1,000,000 in punitive damages was in excess of what was required here. *Merrill Lynch*, 908 F.2d at 253.

**III.     CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court set aside and vacate the default judgment under Rule 60(b) or, in the alternative, amend or alter the judgment under Rule 59(e).

DATE: March 19, 2024                          Respectfully Submitted,

By: /s/ Marko Duric

Marko Duric
ROBERTSON DURIC
One North LaSalle, Suite 300
Chicago, Illinois 60602
(312) 223-8600
marko@robertsonduric.com