IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MILA FAZLOVIC, ) | |
| ) | |
| Plaintiff, ) | Case No. 23 C 14087 |
| ) | |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| DD LOGISTICS, INC., an Illinois corporation, and ) | |
| DEJAN DERIKONJIC, an individual, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Defendants DD Logistics, Inc. and Dejan Derikonjic have moved under Fed. R. Civ. P. 60(b) and/or 59(e) to set aside or alter the default judgments entered against them on February 20, 2024, arguing that the judgments are void as a result of improper service of process, leaving the court without jurisdiction over them. That motion is granted in part.

After several failed attempts to serve defendant Derikonjic both personally and as the registered agent of DD Logistics, the court granted plaintiff's motion to serve defendants by email. That motion was brought pursuant to 735 ILCS 5/2-203.1 which allows an alternate method of service if plaintiff demonstrates that both personal and abode service are impractical. Plaintiff's motion [7] contained all the information required by the statute, including that diligent inquiry into the location of defendants had been made and that reasonable efforts to serve defendants had been unsuccessful. As defendants have pointed out in their current motion, however, plaintiff's motion, although containing all the required information, was not accompanied by an affidavit "stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical under items (1) and (2) of subsection (a) of Section 2-203 . . .." 735 ILCS 2-203.1. Because Illinois law requires

strict compliance with the statute, and plaintiff failed to supply the required affidavit, the court never acquired personal jurisdiction over defendant Derikonjic. See Thompson v.Ross Dialysis-Englewood, LLC, 2017 IL App (1st) 161329 (1st Dist. 2017). Consequently, the judgment entered against Derikonjic is vacated.

The issue is different as to DD Logistics. The record indicates that plaintiff filed an affidavit of service on DD Logistics from her process server Gary Brakemeyer. The affidavit indicates that Brakemeyer served an unidentified individual at 679 E.S. Frontage Road, Bolingbrook, IL, which is DD Logistics' place of business. Plaintiff submits that the unnamed individual was Nebojsa Nikolic, who had authority to accept service. Nikolic has submitted an affidavit stating that he stopped working for DD Logistics on December 8, 2023, and could not have accepted service.

Even if Brakemeyer did not serve Nikolic, he handed a copy of the process with someone at DD Logistics. Whether that someone had authority to accept service for the corporation is a question of fact that cannot be determined without an evidentiary hearing. Consequently, DD Logistics motion is continued until the court can hold such a hearing.

**CONCLUSION**

Defendants' motion [30] to set aside the judgment is granted as to defendant Derikonjic and continued as to defendant DD Logistics. This matter is set for a telephonic status hearing on May 9, 2024 at 9:15 a.m. to set a date for an evidentiary hearing.

                              **ENTER:**

                              **Robert W. Gettleman**
                              **United States District Judge**

**DATE:**    **April 30, 2024**