IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MILA FAZLOVIC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cv-14087 |
| | ) | |
| v. | ) | |
| | ) | Honorable Robert W. Gettleman |
| DD LOGISTICS, INC., | ) | |
| DEJAN DERIKONJIC, | ) | |
| | ) | |
| Defendants. | ) | |

## RULE 12(B)(6) MOTION TO DISMISS COUNTS IV-VII AND XIII

Defendants DD Logistics and Dejan Derikonjic, by their undersigned counsel, respectfully submit the following Rule 12(b)(6) Motion to Dismiss Counts IV-VII and XIII:

### I. INTRODUCTION

The Court should dismiss Plaintiff's claims for assault (Counts IV-V), battery (Counts VI-VII), and violation of the Illinois Wage Payment and Collection Act ("IWPCA") (Count XIII) as legally insufficient on their face. Plaintiff's allegations of assault and battery are conclusory and do not provide sufficient factual matter to show that Plaintiff is entitled to relief. Plaintiff likewise does not allege an agreement that could support her IWPCA claim. The Court should therefore dismiss Counts IV-VII and XIII under Rule 12(b)(6).

### II. PLAINTIFF'S ALLEGATIONS

Plaintiff Mila Fazlovic met Defendant Dejan Derikonjic in or around late March 2019. (Complaint, Dkt. # 1 at ¶ 7.) Ms. Fazlovic and Mr. Derikonjic began a personal relationship on or about March 26, 2019. (*Id.* at ¶ 8.) Six months later, in or around October 2019, Ms. Fazlovic began working for Defendant DD Logistics, Inc. (*Id.* at ¶¶ 9-10.)

Ms. Fazlovic alleges that she began working in the accounting department, but was soon promoted to Executive Director. (*Id.* at ¶ 16.) As Executive Director, Ms. Fazlovic alleges that she: (1) oversaw accounts receivable, payroll, safety, the electronic logging device team, legal matters, and the insurance claims department; (2) handled all state and federal audits and passed seven audits in a two-year period of time; and (3) managed all equipment loans and scheduling. (*Id.* at ¶ 16.)

Ms. Fazlovic alleges that she was paid as an individual employee from approximately October 16, 2019 to October 30, 2020. (*Id.* at ¶ 10.) From approximately June 4, 2021 to October 21, 2022, Ms. Fazlovic alleges that she was paid both as an individual and through her LLC, MGF Safety Consulting, LLC. (*Id.* at ¶ 10.) The Complaint does not allege an agreement concerning Ms. Fazlovic's compensation. All the Complaint alleges is that Ms. Fazlovic "was paid on what was purported to be a salary basis" and received a salary of approximately $2,000.00 during one week in July 2022. (*Id.* at ¶¶ 143, 147.)

In or around January 2022, Ms. Fazlovic alleges that the personal relationship between her and Mr. Derikonjic began to degrade. (*Id.* at ¶ 20.) Ms. Fazlovic alleges that she removed all of her belongings from Mr. Derikonjic's apartment on or about January 8, 2022 and then ended the personal relationship with Mr. Derikonjic on or about April 27, 2022. (*Id.* at ¶¶ 20, 27.) The Complaint implies that the deterioration of the parties' personal relationship led to Mr. Derikonjic making certain threatening statements to Ms. Fazlovic. Mr. Derikonjic allegedly told Ms. Fazlovic that he was "coming with 50 crazy guys" to her friend's condo. (*Id.* at ¶ 25.) Mr. Derikonjic also allegedly sated "I'll fuck your mother," "I f*** everything of yours alive and dead," and "I f*** everything of yours buried and not buried." (*Id.* at ¶ 26.)

At the time Ms. Fazlovic ended her personal relationship with Mr. Derikonjic, Ms. Fazlovic and Mr. Derikonjic had two trips planned together— one to the Dominican Republic in May 2022 and one to Serbia in June 2022. (*Id.* at ¶¶ 28, 29.) Ms. Fazlovic alleges that, when she did not show up to the airport for the trip to the Dominican Republic, Mr. Derikonjic threatened her job and well-being until she agreed to join him in the Dominican Republic. (*Id.* at ¶ 28.) Ms. Fazlovic also alleges that she travelled to Serbia after Mr. Derikonjic issued an ultimatum that she either go on the trip or lose her job. (*Id.* at ¶ 29.)

During the trip to Serbia in June 2022, Ms. Fazlovic alleges that Mr. Derikonjic was mentally and physical abusive to her and mentally abusive to her daughter. (*Id.* at ¶ 30.) Ms. Fazlovic does not elaborate on these allegations, however. Similarly, Ms. Fazlovic does not provide factual support for the allegation elsewhere in the Complaint that "[d]uring their personal time and especially in the workplace, Defendant Derikonjic repeatedly touched Plaintiff inappropriately." (*Id.* at ¶ 24.)

After returning from Serbia with Mr. Derikonjic, Ms. Fazlovic alleges that Mr. Derikonjic called her outrageous and unspeakable names and threatened to fire her and no longer pay her for the work she performed. (*Id.* at ¶ 32.) At one point, Ms. Fazlovic alleges that Mr. Derikonjic stated that "if he was going to kill her, he'd hire a black person to kill [her]." (*Id.* at ¶ 33.)

On or about October 3, 2022, Ms. Fazlovic alleges that she provided Mr. Derikonjic her two-week resignation notice. (*Id.* at ¶ 34.) Ms. Fazlovic alleges that, on October 13, 2022, the day before the final day of her two-week notice period, Mr. Derikonjic forced her out of the office and effectively terminated her. (*Id.* at ¶ 35.) Ms. Fazlovic alleges that Mr. Derikonjic did not pay her for her last day of work. (*Id.* at ¶ 36.) Ms. Fazlovic also alleges that Mr. Derikonjic did not pay her for days and hours previously worked and did not pay for "her rightfully accrued vacation time."

(*Id.*) Ms. Fazlovic alleges that "she had been there for three years and deserved to be paid out for her accrued time the same as everyone else." (*Id.* at ¶ 35.) But Ms. Fazlovic does not allege an agreement that entitled her to accrued vacation time, nor an agreement to be paid for every hour worked.

Ms. Fazlovic alleges that Mr. Derikonjic's threats and harassment continued after her employment with DD Logistics ended. (*Id.* at ¶¶ 37-39.) Ms. Fazlovic alleges that, on or about November 8, 2022, Mr. Derikonjic falsely told her and others that she stole his daughter's purse. (*Id.* at ¶ 39.) Ms. Fazlovic alleges that she used a gift card given to her by Mr. Derikonjic to purchase a Louis Vuitton bag, and that Mr. Derikonjic accused her of stealing since the Louis Vuitton bag looked like a bag belonging to Mr. Derikonjic's daughter. (*Id.* at ¶ 39.) Ms. Fazlovic alleges that, on November 11, 2022, Mr. Derikonjic emailed her stating that he knew she would be attending a baptism and would send someone to retrieve the purse Mr. Derikonjic said belonged to his daughter. (*Id.* at ¶ 40.)

On April 27, 2023, Ms. Fazlovic alleges that Mr. Derikonjic followed her from a restaurant in Hodgkins, Illinois, through side streets, and onto the freeway. (*Id.* at ¶¶ 42-43.) Ms. Fazlovic alleges that, once on the freeway, she noticed that Mr. Derikonjic and one of his friends were following her. (*Id.* at ¶ 43.) Ms. Fazlovic alleges that Mr. Derikonjic and his friend "sandwiched" her while following her on the freeway for approximately 25 minutes until police responded. (*Id.* at ¶¶ 44-45.) Ms. Fazlovic appears to mean that Mr. Derikonjic and his friend followed on opposite sides of her vehicle. (*Id.*) Ms. Fazlovic does not allege that Mr. Derikonjic threatened to make contact with her or her vehicle. Ms. Fazlovic does not allege any further contacts between her and Mr. Derikonjic after this point.

4

**III. STANDARD**

To avoid dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This means the complaint "must contain 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011), *quoting Bell Atl. Corp v. Twombly*, 550 U.S. 544, 557 (2007). "If the allegations give rise to an 'obvious alternative explanation,' then the complaint may 'stop short of the line between possibility and plausibility of 'entitlement to relief.'" *Id., quoting Iqbal*, 556 U.S. at 682 and *Twombly*, 550 U.S. at 557. In reviewing a complaint under Rule 12(b)(6), a court accepts as true all factual allegations and draws all reasonable inferences in the plaintiff's favor, but disregards legal conclusions and "naked assertions devoid of further factual development." *Iqbal*, 556 U.S. at 678; *see also Taha v. Int'l Bhd. of Teamsters, Loc.*, 781, 947 F.3d 464, 469 (7th Cir. 2020) ("when considering the viability of a claim in the face of a Rule 12(b)(6) challenge, we may reject sheer speculation, bald assertions, and unsupported conclusory statements").

**IV. ARGUMENT**

    **A. The Court Should Dismiss Plaintiff's Assault Claim (Counts IV-V)**

Plaintiff fails to state a claim for assault. Assault is a threatening gesture, or an otherwise innocent gesture made threatening by the accompanying words, that creates a reasonable apprehension of an imminent battery. *Kijonka v. Seitzinger*, 363 F.3d 645, 647 (7th Cir. 2004). Reasonable apprehension means "'a well-founded fear of imminent peril, coupled with the apparent present ability to effectuate the attempt if not prevented.'" *Beyer v. Vill. of Niles*, No. 21 C 4428, 2022 WL 815547, at *4 (N.D. Ill. Mar. 17, 2022), *quoting Censke v. United States*, 27 F. Supp. 3d 920, 932 (N.D. Ill. 2014). "A merely verbal threat of indefinite action in the indefinite

5

future is not an assault. It is missing two elements: gesture and imminence." *Kijonka,* 363 F.3d at 647; *see also Merheb v. Ill. State Toll Highway Authority,* 267 F.3d 710 (7th Cir. 2001) ("threat and assault are not synonyms in the law").

While Plaintiff alleges that Mr. Derikonjic made certain threatening statements, none of these are sufficient to constitute an assault. Plaintiff alleges that Mr. Derikonjic:

(1) stated "I f*** everything of your alive and dead," "I f*** everything of yours buried and not buried," and "I'll f*** your mother" (Dkt. # 1 at ¶ 26);

(2) stated that "if he was going to kill her, he'd hire a black person to kill [her]" (*Id.* at ¶ 33);

(3) called and threatened her well-being when she did not come with him to the Dominican Republic (*Id.* at ¶ 28); and

(4) sent an email saying he knew Plaintiff would be at a baptism celebration and would send someone to the celebration to pick up the purse he said belonged to his daughter (*Id.* at ¶ 40).

Such threats of future and/or conditional action cannot establish a claim for assault. They lack the imminence and threatening gesture necessary to demonstrate an assault. *Kijonka,* 363 F.3d at 647; *Beyer* 2022 WL 815547, at *4 (N.D. Ill. Mar. 17, 2022) (plaintiff failed to plausibly allege assault where he alleged that defendant threatened to kill plaintiff if plaintiff disclosed defendant's identity to police); *Bentz v. Mears*, No. 19-CV-00799-SPM, 2020 WL 6203058, at *9 (S.D. Ill. Oct. 22, 2020) (dismissing assault claim, because threat was not accompanied by a gesture and was conditioned on plaintiff continuing to complain); *Santiago v. Patel*, No. 14-CV-10260, 2015 WL 6756286, at *3 (N.D. Ill. Nov. 5, 2015) (dismissing assault claim, because threat was not accompanied by a gesture and conditioned harm on the presence of others).

Plaintiff also alleges that Mr. Derikonjic and his friend followed Plaintiff onto the highway and continued driving on opposite sides of her vehicle for approximately 25 minutes. (*Id.* at ¶ 42-44.) Plaintiff does not allege that Mr. Derikonjic made any gesture that threatened to make contact

6

with Plaintiff or her vehicle. This is likewise insufficient to show an assault. *Yano v. City Colleges of Chicago*, No. 08 C 4492, 2010 WL 4705149, at *3 (N.D. Ill. Nov. 10, 2010) (plaintiff failed to allege assault where she alleged that individual followed her car too closely, pulled up along side her, and looked at her and her children with a hostile expression; plaintiff did not allege that individual's car came close to hitting her or that she believed the individual intended the cars to collide), *citing Kijonka* 363 F.3d at 646-647 (finding no assault in allegations that plaintiff "drove by my house and stopped and roled [*sic*] his window down and gave me a dirty look and said you have a nice day and your ass is mine you son of a bitch and I will get you").

    **B.**   **The Court Should Dismiss Plaintiff's Battery Claim (Count VI-VII)**

Plaintiff's allegations of battery are conclusory and insufficient to state a claim. "Under Illinois law, battery is committed by an individual if: (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." *Censke v. United States*, 27 F. Supp. 3d 920, 931 (N.D. Ill. 2014); *see also Happel v. Wal-Mart Stores, Inc.*, 316 Ill. App. 3d 621, 630 (Ill. App. Ct. 2000), *aff'd*, 199 Ill. 2d 179 (2002) ("To allege battery, the plaintiff must allege that the defendant intended to cause a harmful or offensive contact and that a harmful or offensive contact resulted.").

Plaintiff alleges that "[d]uring their personal time and especially in the workplace, Defendant Derikonjic repeatedly touched Plaintiff inappropriately." (Dkt. # 1 at ¶ 24.) Plaintiff does not explain further. While detailed factual allegations are not required at this stage, Plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Plaintiff cannot state a claim based on legal conclusions or "naked assertions devoid of further factual development." *Id.* The bare assertion that Defendant touched Plaintiff

inappropriately is conclusory and, without more, insufficient to state a claim. *Id.*; *Harrison v. Wexford Health Sources Inc.*, No. 1:17-CV-01383-JBM, 2018 WL 659862, at *8 (C.D. Ill. Feb. 1, 2018) (Plaintiff failed to state a battery claim where Plaintiff provided "no details from which to determine what kind of abuse the [victim] underwent, *i.e.*, whether the elements of Illinois common law battery are satisfied"); *Hernandez v. City of Chicago*, No. 99 C 6441, 2001 WL 128246, at *9 (N.D. Ill. Feb. 9, 2001) (allegation that defendants "assaulted and battered the plaintiff" was "bare and conclusory" and insufficient to state a claim); *see also Hires v. City of Mishawaka*, No. 3:22-CV-130 DRL-MGG, 2022 WL 16745031, at *2 (N.D. Ind. Nov. 4, 2022) (plaintiff failed to state a claim for excessive force where she did not allege "what the officers did or how they interacted with her to allow the court to infer this force was objectively unreasonable").

Plaintiff also alleges that "[d]uring their trip to Serbia Defendant Derikonjic became mentally and physically abusive toward Plaintiff." (Dkt. # 1 at ¶ 30.) This is an allegation that would likely be governed by Serbian law (the elements of which are beyond this brief). *See Africano v. Atrium Med. Corp.*, No. 17-CV-7238, 2021 WL 4940976, at *1 (N.D. Ill. Oct. 4, 2021) (Illinois choice of law rules "presume[] that the law of the place of Plaintiff's injury applies unless another state has a more significant relationship with the occurrence and the parties"). But regardless of the applicable law, Plaintiff again does not provide sufficient factual matter to support her conclusory allegations. Plaintiff does not say what Mr. Derikonjic did that was mentally or physically abusive. Plaintiff has not supplied sufficient factual matter to state a claim for battery. *Iqbal*, 556 U.S. at 678; *Harrison*, 2018 WL 659862, at *8; *Hires*, 2022 WL 16745031, at *2; *Hernandez*, 2001 WL 128246, at *9.

### C. The Court Should Dismiss Plaintiff's IWPCA Claim (Count XIII)

Plaintiff fails to state a claim under the IWPCA, because she does not allege an agreement that could support an IWPCA claim. The IWPCA provides a cause of action for compensation, including the monetary equivalent of earned vacation, which is owed under an employment contract or agreement between the parties. 820 ILCS § 115/2. "The IWPCA therefore does not provide an independent right to payment of wages and benefits; instead, it only enforces the terms of an existing contract or agreement." *Elder v. Comcast Corp.*, No. 12 C 1157, 2012 WL 3835100, at *1 (N.D. Ill. Sept. 4, 2012); *see also Jaramillo v. Garda, Inc.*, No. 12 C 662, 2012 WL 1378667, at *2 (N.D. Ill. Apr. 20, 2012) ("the IWPCA merely demands that employers pay whatever wages were agreed to"). Accordingly, "[i]t is well established that an employee can have no claim under the IWPCA unless the employer and employee agreed that the former would compensate the latter for the particular work allegedly performed." *Reed v. Positive Connections, Inc.*, No. 16 C 3377, 2016 WL 4394166, at *2 (N.D. Ill. Aug. 16, 2016).

Plaintiff complains that she was not paid for: (1) all of the hours she worked; or (2) accrued vacation time. (*See* Dkt. # 1 at ¶¶ 35-36.) But Plaintiff does not allege there was an agreement to pay her for all of the hours she worked. Nor does Plaintiff allege there was an agreement to provide her accrued vacation time. All the Complaint alleges is that Plaintiff "was paid on what was purported to be a salary basis" and received a salary of approximately $2,000.00 during one week in July 2022. (*Id.* at ¶¶ 143, 147.) The IWPCA does not provide an independent right to payment for all hours worked or accrued vacation time; it only enforces the terms of an existing contract or agreement. *Elder*, 2012 WL 3835100, at *1. Without alleging an agreement regarding her compensation, Plaintiff fails to state a claim for relief under the IWPCA. *Id.*, *Reed*, 2016 WL 4394166, at *2.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court dismiss Counts IV-VII and XIII of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6).

DATE: June 6, 2024

Respectfully Submitted,

DD LOGISTICS, INC.,
DEJAN DERIKONJIC

By: /s/ Marko Duric

Marko Duric
ROBERTSON DURIC
One North LaSalle, Suite 300
Chicago, Illinois 60602
(312) 223-8600
marko@robertsonduric.com

10