IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MILA FAZLOVIC, ) | |
| ) | |
| Plaintiff, ) | Case No. 23 C 14087 |
| ) | |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| DD LOGISTICS, INC., an Illinois corporation, ) | |
| DEJAN DERIKONJIC, an individual, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mila Fazlovic has brought a thirteen-count complaint against her former employer, DD Logistics, Inc. and its owner Dejean Derikonjic. Counts I, II, and III are claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, against DD Logistics for sexual discrimination, retaliation, and hostile work environment respectively. Count IV alleges assault against Derikonjic and Count V alleges respondeat superior liability for the assault against DD Logistics. Count VI alleges battery against Derikonjic and Count VII alleges respondeat superior liability for the battery against DD Logistics. Counts VIII-X allege intentional infliction of emotional distress, defamation, and False Light Invasion of Privacy against Derikonjic. Count XI alleges that defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. Finally, Counts XII and XIII allege that defendants violated the Illinois Minimum Wage Law and the Illinois Wage Payments and Collections Act ("IWPCA"), 820 ILCS § 115 et seq. Defendants have moved under Fed. R. Civ. P. 12(b)(6) to dismiss Counts IV-VII and XIII for failure to state a claim. For the reasons described below, the motion is granted.

# **BACKGROUND**[1]

According to the complaint, plaintiff entered into a personal relationship with Derikonjic in March 2019. She began working for DD Logistics in October 2019. She initially worked in the accounting department but was quickly promoted to executive director. She was paid as an "individual employee" from October 16, 2019, until October 201, 2020. From approximately June 4, 2021. To October 21, 2022, she was paid as an individual and through her LLC, MGF Safety Consulting, LLC. She was "paid on what was purported to be a salary basis."

Sometime around January 2022 plaintiff's personal relationship began to deteriorate. She removed her belongings from Derikonjic's apartment on January 8, 2022, at which time Derikonjic began threatening to fire and to harm her physically. She ended their personal relationship on April 27, 2022, but continued to work for the company. Derikonjic continually made sexually harassing statements to plaintiff both verbally and by text messages. He also made threatening statements including that he was "coming with 50 guys" to her friend's condo, and stated that "Ill fuck your mother," "I f*** everything of yours alive and dead," and "I f*** everything of yours buried and not buried."

At the time that she ended the personal relationship, plaintiff and Derikonjic had two trips planned together, one to the Dominican Republic in May 2022, and one to Serbia in June 2022. When she did not show up at the airport for the Dominican Republic trip, Derikonjic threatened her job and well-being until she agreed to join him. She claims that she travelled to Serbia with him, during which time he was mentally and physically abusive to her and mentally abusive to

---

[1] The underlying background facts are taken from plaintiff's complaint and assumed true for purposes of resolving the motion to dismiss. Alam v. Miller Brewing Co., 709 F.3d 662, 666, (7th Cir. 2013).

2

her daughter. She also alleges that "during their personal time and especially in the workplace, Defendant Derikonjic repeatedly touched Plaintiff inappropriately."

After returning from Serbia, Derikonjic called her outrageous and unspeakable names and threatened to fire her and no longer pay her for work she performed. He also stated that "if he was going to kill her, he'd hire a black person to kill you."

On October 3, 2022, plaintiff gave her two-week resignation notice. On October 13, 2022, Derikonjic forced her out of the office, effectively terminating her. She was not paid for her last day of work, for other days and hours she had worked or "her rightfully accrued vacation time."

Derikonjic's threats and harassment continued after plaintiff's employment ended. On April 27, 2023, Derikonjic followed her from a restaurant in Hodgkins, Illinois, through side streets and onto the freeway. Once on the freeway plaintiff saw that Derikonjic and one of his friends were following her and ultimately "sandwiched" her between them until she pulled over into a parking lot and called 911.

## DISCUSSION

Defendants have moved to dismiss Counts IV-VII and XII for failure to state a claim. Such a motion tests the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); see Gibson v. City of Chi., 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

3

liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief." Id. In reviewing the sufficiency of a complaint under this plausibility standard, the court "accept[s] the well-pleaded facts in the complaint as true," but "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Alam, 709 F.3d at 666.

Count IV alleges that Derikonjic assaulted plaintiff. In Illinois, an assault "is conduct which places another in reasonable apprehension of receiving a battery." Kijonka v. Seitzinger, 363 F.3d 645, 647 (7th Cir. 2004). Assault involves: "1) a threatening gesture, or an otherwise innocent gesture made threatening by accompanying words; 2) that create a reasonable apprehension of an imminent battery." Id. (emphasis in original). "Reasonable apprehension means a well-founded fear of imminent peril, coupled with the apparent present ability to effectuate the attempt if not prevented." Beyer v. Village of Niles, 2022 WL815547 at *4 (N. D. Ill. March 17, 2022). "A merely verbal threat of indefinite action in the indefinite future is not an assault." Kijonka, 363 f. 3d at 647.

Plaintiff's complaint provides a litany of threats, both verbal and by text. None of the threats were accompanied, however, by any gesture that would put plaintiff in reasonable apprehension of imminent and immediate peril. Certainly, threatening phone calls and text messages are not sufficiently imminent to constitute assault. Blanco v. Farley, 2011 WL 289435 at *2 (N.D. Ill. Jan 27, 2011). The closest plaintiff comes to alleging a threatening gesture is her claim that Derikonjic and his friend sandwiched her car while driving. But even

4

there, plaintiff fails to allege that either driver made any threatening gesture, such as attempting to force her off the road, to put her into a reasonable apprehension of an imminent battery. See Yano v. City Colleges of Chicago, 2010 WL 4705149 at * 4 (N.D. Ill. November 10, 2010) (Following too closely, pulling up alongside, and making hostile expressions insufficient to allege assault.).

Consequently, the court concludes that Count IV fails to state a claim for assault. Because plaintiff has failed to allege assault against Derikonjic, Count V, which alleges respondeat superior liability for the assault also fails to state a claim.

In Count VI plaintiff alleges battery against Derikonjic. In Illinois, battery is committed when an individual: a) "acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such contact; and b) a harmful contact with the person of the other directly or indirectly results." Censke v. United States, 27 F. Supp. 3d 920, 931 (N.D. Ill. 2014). "Illinois courts have stated that battery may be defined as the willful touching of the person of another or a successful attempt to commit violence on the person of another." Id. Battery requires more than an intent to contact, in that a defendant must intend to cause a harmful or offensive contact. Id.

In the instant case, plaintiff alleges that Derikonjic repeatedly touched her inappropriately, especially in the workplace, and sent her harassing and explicit text messages. Plaintiff provides no details to support these bare allegations. Federal pleading standards do not require detailed factual allegations, but to survive a motion to dismiss the complaint must contain more than threadbare recitals of the elements of the cause of action. That is all plaintiff has provided. Consequently, the court concludes that Count VI fails to state a claim for assault. As

5

a result, Count VII also fails to state a claim for respondeat superior liability.

Finally, Count XIII alleges that defendants violated the IWPCA by failing to pay her overtime at one and one-half her regular rate of pay. Defendants have moved to dismiss the arguing that plaintiff has failed to allege and agreement that can support an IWPCA claim. The court agrees.

The IWPCA "provides employees with a cause of action against employers for the failure to timely and completely pay their earned wages." Enger v. Chicago Carraige Cab Co., 812 F.3d 565, 568 (7th Cir. 2016). It defines wages narrowly, as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation." 820 ILCS 115/2. "An agreement is broader than a contract and requires only a manifestation of mutual assent on the part of two or more persons; parties may enter into an agreement without the formalities and accompanying legal protections of a contract." Zabinsky v. Gelber Grp., 807 N.E.2d 666, 671 (Ill. App. 2004). Under the act, "an employment agreement can be entirely implicit, and employers and employees can manifest their assent to conditions of employment by conduct alone" such as "by acting in a manner consistent with an employment agreement." Lander-s-Scelfo v. Corporate Office Sys., Inc., 827 N.E.2d 1051, 1058-59(Ill. App. 2005).

In the instant case, plaintiff's complaint fails to allege any sort of employment agreement with defendants. At times the complaint implies that she was paid hourly, while at other times it specifically alleges that she was paid a salary. There are no specific allegations as to the agreed amount or method of payment, or for what specific work performed. "It is well established that

6

an employee can have no claim under the IWPCA unless the employer and employee agreed that the former would compensate the latter for the particular work allegedly performed. Gallardo v. Scott Byron & Co., 2014 WL 126085, at * 14 (N.D. Ill. Jan. 14, 2014). "[T]he IWPCA merely demands that employers pay whatever wages were agreed to." Jaramillo v. Garda, Inc., 2012 WL 1378667, at * 2 (N.D. Ill. April 20, 2012). Absent any allegations as to the agreement between plaintiff and defendants as to payment, the complaint fails to state a claim under the IWPCA.

## CONCLUSION

For the reasons described above, defendants' motion to dismiss [43] is granted. Counts IV, V, VI, VII, and XIII are dismissed. The parties are directed to file a joint status report regarding the remaining counts on this court's form by October 29, 2024.

**ENTER:**

Robert W. Gettleman
**United States District Judge**

**DATE: October 8, 2024**